## In re Application for REINSTATEMENT OF Richard W. CUROTT, as an Attorney at Law of the State of Minnesota.

### No. C5–85–1907.

Supreme Court of Minnesota.

March 15, 1994.

### ORDER

Petitioner Richard W. Curott was indefinitely suspended from the practice of law for a minimum period of 100 days by order of this Court dated April 7, 1992. On May 6, 1993, more than 100 days after his suspension, petitioner filed a petition for reinstatement. A Panel of the Lawyers Professional Responsibility Board held a hearing on the petition and thereafter issued findings of fact, conclusions of law and a recommendation that this Court reinstate petitioner, subject to certain conditions. The Director, with petitioner's agreement, concurred with the Panel's findings and recommendation.

The Court, having considered all of the facts and circumstances surrounding this

matter, the petition for reinstatement, and the Panel recommendation, NOW ORDERS:

That the petitioner, Richard W. Curott, is hereby reinstated to the practice of law subject to 2 years' supervised probation upon the following conditions:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct and cooperate with his supervisor and Director's Office monitoring of his probation and in the investigation of any complaints which may be made against him.

b. Before accepting clients, petitioner shall have a supervising attorney approved by the Director's Office sign a consent to supervise. Petitioner shall review with his supervising attorney his office file management procedures. By the end of the first week of each month, petitioner shall provide his supervising attorney an inventory of open files and a copy of his office management planning sheets. Petitioner's supervisor shall meet personally with petitioner at least once per month to review a random sample of petitioner's open files and shall make a written report to the Director's Office at least quarterly regarding the status of his practice.

c. Petitioner shall set aside 6 hours each week for office management and planning. Before accepting new cases, petitioner shall estimate the attorney hours required to determine his case load. Once petitioner has determined that his case load is 75% full, he will limit intake of cases to emergency or urgent matters and will decline representation once his case load is determined to be full.

d. Petitioner shall provide each client with a written time frame for the case and contact each client at least once per month.

e. After 1 year of probation, upon the supervisor's recommendation and with the consent of the Director's Office, the in-person file review by the supervisor may be reduced to one time per quarter.

f. If petitioner engages in solo practice or in practice with attorneys without at least one of those attorneys having practiced in Minnesota for at least 5 years, petitioner shall restrict his practice as follows:

i. Petitioner shall not enter into any open-ended contracts to provide public defender work on an as needed basis.

ii. Petitioner shall not represent small businesses or accept general collection work.

iii. Petitioner may handle collection work ancillary to judgments obtained by clients or previous clients through petitioner's efforts.

g. Petitioner shall limit his real estate work to general practicing conveyance work and title opinions. This restriction shall not preclude petitioner from handling closings, preparing purchase agreements, drafting contracts for deeds or conveyancing deeds.

> BY THE COURT:
>
> /s/ M. Jeanne Coyne
> M. Jeanne Coyne
> Associate Justice